BLOCK v. FERTITTA et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 25, 1914. Rehearing Denied March 19, 1914.)

1. NUISANCE (§ 31*).

The petition, in an action by a lessee, to recover a part of the premises from another, also claiming as lessee under the original owner, sought to enjoin defendant from maintaining a shoe shining parlor on the premises, and alleged for that purpose that such use of the premises was detrimental to plaintiff's interest in the rental of other property acquired by him under the lease, and that defendant's employés were negro boys who were noisy and boisterous, and whose conduct disturbed the lessees of the property adjacent thereto in a business way, and

---

that men generally, and ladies in particular, do not care, for the reasons indicated, to pass plaintiff's premises. *Held* that, since shoe shining was a legitimate business, the allegations did not authorize an injunction restraining defendant from conducting a shoe shining parlor on the premises on the ground that it constituted a nuisance; it being necessary that the injury or annoyance be of a substantial character so as to impair the ordinary use of the property, in order to authorize an injunction.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 72–76; Dec. Dig. § 31.*]

2. NUISANCE (§ 19*)—CONDUCT OF BUSINESS.

A lawful business may be conducted so as to become a nuisance, in which case one injured thereby may enjoin the continuance of the business in such a way.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 19.*]

3. INJUNCTION (§ 136*)—GROUNDS—FAILURE TO PAY RENT.

In a suit to recover property claimed by defendant under a lease, a temporary injunction will not issue enjoining defendant from conducting his business in the premises, because of his failure to pay rent to plaintiff, in absence of an allegation that defendant is insolvent, and cannot be made to respond to any judgment.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

4. INJUNCTION (§ 136*)—USE OF PROPERTY—TEMPORARY INJUNCTION.

In an action to recover realty, a temporary injunction will not issue restraining its lawful use by defendant pending the action, in absence of a showing that defendant's possession was forcibly or fraudulently obtained, and that the injunction is necessary to preserve the status quo of plaintiff's possession or to prevent irreparable injury to the property or to plaintiff by defendant's use thereof.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by I. Block against Sam Fertitta and others. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

Dougherty & Gordon and M. S. Duffie, all of Beaumont, for appellant. Hill & Cooper and Blain & Howth, all of Beaumont, for appellees.

PLEASANTS, C. J. This appeal is from an order of the district court of Jefferson county refusing to grant appellant a temporary injunction in a suit brought by him against the appellees to recover possession of property described in his petition as parts of lots 8 and 9, block 41, in the city of Beaumont.

The petition alleges in substance that plaintiff was on October 1, 1913, lawfully seised and possessed of said property, holding the same under a lease contract executed by Ras Landry and his wife, Cora Landry, who was the owner in fee of said property in her separate right, and that defendants on said date unlawfully entered upon said premises and ejected plaintiff therefrom, to his damage in the sum of $5,000. The petition then sets out at great length the facts upon which plaintiff bases his claim to the right of possession of said premises and the right to dis-

possess defendants from that portion of the premises occupied by them. Succinctly stated, these facts are that on the 7th day of December, 1912, Cora Landry, the owner of said property, joined by her husband, Ras Landry, executed and delivered to plaintiff a written lease conveying to plaintiff the right to use, occupy, and possess said premises for a term of 35 years in consideration of the payment by plaintiff to her of an annual rental of $9,000, payable in quarterly installments of $2,250 each, and the performance by him of other covenants and agreements stated in said lease, all of which said payments and covenants plaintiff had heretofore made and performed in accordance with the terms of said lease, and will continue so to make and perform, and plaintiff is entitled to all of the rights and privileges granted by said lease and entitled to possession of all of the property covered thereby; that, at the time of the execution of said lease, the defendants Sam Fertitta and John G. Carabin were in possession of a portion of said premises, holding the same under a lease executed by Ras Landry to Sam Fertitta on February 24, 1912, which said lease plaintiff alleges was void because for a longer term than one year and not executed by Mrs. Landry, who owned said property in her own separate right. There are further allegations to the effect that, after the lease to plaintiff, Mrs. Landry signed and acknowledged the lease to Fertitta, and said instrument was interlined and altered so as to recite that it was executed by Mrs. Landry and her husband, Ras Landry, and that such alteration of the lease, of which plaintiff had no notice, rendered said lease void and of no effect as against this plaintiff. It is further alleged that, by the terms of said lease to defendant Fertitta, said defendant obligated himself to use the property for a barber shop, and agreed that, in case he made default on the payment of any rents that might accrue under said lease or in the performance of any of his covenants therein, the grantor should have the right to terminate said lease and enter upon and take possession of the premises. Said lease also contained the following provision: "Party of the second part is not to sublet said premises. * * * It is agreed and understood by and between the parties hereto that the property and premises hereinbefore described are let and leased to the party of the second part for the purpose of use as a barber shop and are not to be used for any other business or mercantile purposes without the written consent and permission of the party of the first part." It is then alleged that, in violation of the terms of said lease, the said Fertitta, without having obtained the consent of Ras Landry, leased a portion of said premises to the defendant John G. Carabin, to be used for conducting therein a shoe shining parlor, and that, by reason of said violation of the terms of said

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

lease, plaintiff, who has acquired all of the rights of the said Ras and Cora Landry thereunder, has the right to cancel and terminate said lease, and here now declares same terminated and demands possession of said premises.

The allegations as to the injury sustained by plaintiff and the prayer for relief are. as follows: "Plaintiff would further show to the court that the defendant John G. Carabin is using a part of the premises for a shoe shining parlor; that the use of said premises for a shoe shining parlor is detrimental to the interest of plaintiff in the rental of the other property acquired by him under the terms of said lease; that the employés of the said Carabin are negro boys who are noisy and boisterous, and whose conduct is such as to disturb the lessees in the property adjacent thereto in a business way; and that men generally, and ladies in particular, do not care, for reasons indicated, to pass by the premises under lease to the plaintiff herein. * * * Plaintiff further alleges that, by defendants' refusal to pay the reasonable rental value of said property, he is being irreparably injured in a property right, for which he has no adequate remedy at law, or such remedy as he has is burdensome, cumbersome, and ineffectual, and further that the said defendant Sam Fertitta has breached a covenant of said lease between the Landrys and himself, dated February 24, 1912, which of itself, and the other facts alleged in this petition, entitles plaintiff to an injunction under the principles of equity enjoining, restraining, and prohibiting the said defendants, or either of them, from further occupying or retaining possession of said premises for a shoe shining parlor. Wherefore, and by reason of the premises, plaintiff prays that defendants, and each of them, be cited to appear and answer this petition; that notice be given them to appear before your honor and show cause why a writ of injunction should not issue enjoining defendants, and each of them, from occupying a portion of the premises described above, as a shoe shining parlor; and that, upon a final hearing hereof, your honor declare said pretended leases between said Sam Fertitta and the Landrys null and void, and that plaintiff have judgment for the possession of the said above-described lands and premises of which defendants now are in possession, and that writ of restitution and possession issue, and for his rents, damages, and costs of suit, and for such other and further relief, both general and special, that he may be entitled in law or equity and as in duty bound will ever pray." The petition was properly verified.

The defendants answered by general and special exceptions, and specially denied under oath each of the material allegations of the petition.

Upon the hearing of the application for temporary injunction, the testimony of several witnesses, among them the defendant Fertitta, was introduced and heard by the court, but we deem it unnecessary, in disposing of this appeal, to set out the facts disclosed by the evidence or to express any opinion upon the question of whether, under the facts shown, the plaintiff would, upon a final hearing, be entitled to recover from the defendants the possession of the property in controversy.

[1] We think it clear that the petition does not present a case which would authorize the issuance of an injunction dispossessing defendants, or restraining them from carrying on a shoe shining business on said premises, pending a final hearing of the case. The allegations that the use of the "premises for a shoe shining parlor is detrimental to the interests of plaintiff in the rental of other property acquired by him under the terms of said lease," and that "the employés of defendant Carabin are negro boys who are noisy and boisterous, and whose conduct. is such as to disturb the lessees in the property adjacent thereto in a business way, and that men generally, and ladies in particular, do not care, for reasons indicated, to pass by the premises under lease to plaintiff herein," are not sufficient to authorize the issuance of an injunction restraining defendants from conducting a shoe shining parlor on the premises. Shoe shining is a legitimate and useful business, and, if defendants have a right to the possession of the premises, they cannot be restrained from conducting any lawful business therein that they may choose to engage in, if so conducted as not to materially injure adjacent property owners.

[2] A lawful business may be conducted .in such manner as to become a nuisance, and in such case the parties so conducting it might, at the suit of one injured thereby, be restrained from continuing to conduct it in such manner, but they could not be denied the right to carry on the business in a proper manner. The allegation that "the use of the premises by the defendants for a shoe shining parlor is detrimental to the interest of plaintiff in the rental of other property acquired by him under the terms of said lease" is too general and indefinite to show any material or substantial injury to plaintiff. It is not alleged that plaintiff has lost or will lose any tenants because said shoe shining business is carried on by the defendants on the premises in controversy, or that he has thereby suffered any loss in the rental value of his property. The allegation that the negro boys employed by defendants in said shoe shining parlor are "noisy and boisterous and disturb the lessees in the property adjacent thereto in a business way" also fails to show any substantial injury or any real annoyance to said tenants. It certainly cannot be said that the fact "that men generally and ladies in particular do not care to pass by the premises" would justify the holding that the shoe shining par-

lor is a nuisance and authorize an injunction restraining defendants from carrying on said business on said premises. One who lives in a city must of necessity submit to annoyances incident to occupations carried on in his immediate neighborhood which are useful to the public and which cannot be declared a nuisance without depriving the owner of the property, on which such business is conducted, of its reasonable use and enjoyment; and the injury or annoyance which will authorize relief by injunction for the person suffering therefrom must be of a real and substantial character and such as impairs the ordinary use and enjoyment of his property. We think the petition in this case fails to show such injury to plaintiff.

[3] The facts alleged in the petition in regard to the injury to plaintiff because of the failure of defendants to pay reasonable rents do not show that plaintiff will suffer irreparable injury if the injunction prayed for is not issued, but, on the contrary, it is clear from the allegations of the petition that plaintiff has a plain and fully adequate remedy at law for such injury. There is no allegation that the defendants are insolvent or that they cannot be made to respond to any judgment for rents or damages that plaintiff may recover against them. Lumber Co. v. Fall (Civ. App.) 157 S. W. 209.

[4] It would be an abuse of the power of a court of equity to issue preliminary injunctions to grant such an injunction in a suit for the recovery of real property, and thus transfer the possession of the property from the defendant to the plaintiff or restrain its lawful use by the defendant pending a full adjudication of the right to such possession, when the petition for such injunction fails to show that possession has been forcibly or fraudulently obtained by the defendant, and such injunction is not sought to preserve the status quo of the possession thus wrongfully invaded or to prevent irreparable injury to the property or to plaintiff by the use made of the property by the defendant. Simms v. Reisner (Civ. App.) 134 S. W. 278.

We are of opinion that the trial court properly refused to grant the injunction, and the order appealed from is affirmed.

Affirmed.