ROYALTY et al. v. STRANGE. (No. 7653.)

(Court of Civil Appeals of Texas. Galveston. June 27, 1918.)

1. NUISANCE ⬥35—INJUNCTION—TERMS.

In suit to restrain nuisance of hog ranch near plaintiff's land situated on a tract of 50 acres only 4 acres of which nearest plaintiff's was so used, injunction merely restraining use of such land as to constitute a nuisance was erroneous as too vague, indefinite and uncertain, and amounting to absolute prohibition against the conducting of a hog ranch anywhere on the 50-acre tract.

2. NUISANCE ⬥3(10)—NUISANCE PER SE — HOG RANCH.

Hog ranch situated in the country seven or eight miles from any city or town is not a nuisance per se.

3. NUISANCE ⬥19—REMEDY—INJUNCTION.

If a landowner keeps such a number of hogs in such small pens or in such a way or feeds them with garbage in such a way as to produce disagreeable and noxious odors interfering with the comfort, use, and enjoyment of another owner, such owner is entitled to injunction abating the nuisance.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by W. T. Strange against George W. Royalty and others. Decree for plaintiff, and defendants appeal. Reversed and remanded.

Cooper & Merrill, of Houston, for appellants. Atkinson & Atkinson, of Houston, for appellee.

LANE, J. This suit was brought by appellee, W. T. Strange, against appellants, George W. Royalty, George W. Cole, and Eli W. Gaffney, to recover certain alleged damages and for a mandatory injunction requiring appellants to remove certain hogs which were being confined and fed near appellee's residence by appellants under such conditions and in such manner as to create a nuisance, and to perpetually restrain appellants from continuing such nuisance.

The question of damages is not involved in this appeal, and the prayer therefor will not be further mentioned in this opinion.

The petition for injunction was filed on the 18th day of December, 1917. The testimony with reference to the question of whether the matter complained of by appellee was or was not a nuisance which should· be abated was heard on the application for temporary injunction, pending a trial on the merits, on the 9th day of February, 1918.

On the 20th day of February, 1918, upon evidence amply sufficient to support a judgment for temporary injunction to restrain appellants from continuing some of the acts complained of, the trial court rendered a decree containing the following:

"It is further adjudged and decreed by the court that said writ shall enjoin and restrain the defendants and each of them and their agents and employés from operating and conducting the hog ranch in its present location, near the residence of the plaintiff, and said writ shall also enjoin and restrain them and each of them from operating and conducting said hog ranch at any place where it will be a nuisance and where it will interfere with the comfort, enjoyment, and health of the plaintiff or his family in their home until the further orders of this court.

"This decree is based upon the evidence adduced herein on the 9th day of February, 1918."

The court by proper order suspended the effect of the decree pending this appeal.

The main and controlling complaint made of the decree rendered is that the same absolutely prohibits the operation of appellants' hog ranch within certain undefined limits, without respect to the manner or method in which the same is conducted, and without proof or evidence negativing the fact that the alleged wrong and injuries suffered by appellee could not be prevented and obviated by a relatively slight change in the location of said hog ranch, or in the method and manner of conducting the same; that it was error for the court to order the issuance of an injunction in such general terms that appellants could not readily know what they were restrained from doing.

[1] We think appellants' complaint should be sustained. There are about 45 or 50 acres in the tract of land in the premises occupied by appellants. At the time appellee filed his petition, the hogs of appellants were confined and being fed on four acres of said land nearest to appellee's residence; at the time the testimony was heard, February 9, 1917, this four acres was being abandoned and the feeding pens had been moved back about 600 feet further from appellee's residence, and the nearest part thereof after the final removal was completed· was about 1,300 feet from said residence. There was no evidence tending to show that said hog ranch could not be so conducted on some part of the land under the control of appellants without being or becoming a nuisance; but, on the contrary, there was an abundance of evidence tending to show that the same could be so conducted. Appellants cannot determine from the decree rendered whether they are enjoined from conducting their hog ranch on the four acres first used only, or on that portion of the tract of land which was being used by them on February 9th, the date of the hearing, or whether they are precluded from using any portion of their said land for that purpose.

The only part of the decree which throws any light on this question is that portion which precludes appellants from conducting their ranch at any place where it will be a nuisance and interfere with the comfort, enjoyment, and health of the plaintiff and his family. This is so vague, indefinite, and uncertain as to amount to an absolute prohibition against the conducting of a hog ranch anywhere near appellee's property, unless appellants assume the risk of being punished for a violation of the injunction.

Since appellants are manifestly unable to determine just what facts might cause the court to conclude that their hog ranch constitutes a nuisance to the appellee, the order as entered practically amounts to an inhibition against their conducting such hog ranch at any place in that neighborhood or on any portion of their property.

[2, 3] It cannot be held that a hog ranch situated in the country 7 or 8 miles from any city or town is a nuisance per se. A hog ranch is not within itself a nuisance, nor does it necessarily become such by conducting it for the purpose for which it is improved or prepared. It might become such in the method or manner of its use, and, if so, its maintenance in that manner could and should be enjoined. But the fact that the method and manner of conducting such ranch has been such as to cause annoyance and discomfort to some persons living in the neighborhood of its location, by reason of its owners permitting it to become in such condition as to produce noxious and disagreeable odors, is no evidence that such improper use must or will be permitted or continued in the future. It is incumbent upon the owners of such ranch to conduct the same in such manner as not to become a nuisance and an annoyance to those living near it, and, failing in this, they may subject themselves to correction and restraint by the courts as for maintaining a nuisance. If appellant shall confine, or permit to be confined, such a number of hogs in pens too small for their care in a sanitary manner,

or so small for such number of hogs as would necessarily or most likely result in rendering such pens nuisances, such as emitting disagreeable and noxious odors, or if they permit garbage to be thrown and remain upon the ground near appellee's residence, which causes the emission of disagreeable and noxious odors, or in any other manner cause such odors to be emitted which interferes with the comfort, use, and enjoyment of appellee's home by himself and members of his family, such nuisance should be enjoined and abated by the courts upon proper application. Baptist Church v. Webb, 178 S. W. 689; Cardwell v. Austin, 168 S. W. 385; Clark v. Wambold, 165 Wis., 70, 160 N. W. 1039, L. R. A. 1917C, 211; Stricber v. Ward, 196 S. W. 720; Block v. Fertitta, 165 S. W. 504.

In the case last cited it is said:

"A lawful business may be conducted in such manner as to become a nuisance, and in such case the parties so conducting it might at the suit of one injured thereby be restrained from continuing to conduct it in such manner, but they could not be denied the right to carry on the business in a proper manner."

We have reached the further conclusion that the decree of the court was in such general terms that appellants cannot know what they are restrained from doing, and for that reason the same should be reversed. Such decree first enjoins appellants from operating and conducting their hog ranch in any manner near the residence of appellee, without naming any specific distance; second, it enjoins them from conducting such ranch at any place where it will be a nuisance and where it will interfere with the comfort, enjoyment, and health of appellee or his family in their home, without specifically pointing out or naming the attempted forbidden limits, or place, and as to what specific acts in conducting their hog ranch they are prohibited from doing, so that they may protect themselves from the ever present danger of being fined by the court for a breach of the terms of such decree. We think no person enjoined from the performance of acts by an order of court should be left in doubt and confusion as to what acts are intended to be prohibited by said order. "The order as entered puts the appellants in the embarrassing attitude of being compelled to find out at their peril what conduct on their part might be held by the trial judge to constitute a nuisance as to appellee." Such order, we think, should not be upheld. Lone Star Salt Co. v. Blount, 49 Tex. Civ. App. 138, 107 S. W. 1163; Robinson v. Clapp, 65 Conn. 365, 32 Atl. 939, 29 L. R. A. 582; 22 Cyc. 958.

In 22 Cyc. it is said that the rule has been established:

"That the injunction should be so clear and certain in its terms that the defendants may know what they are restrained from doing."

In the case of Lone Star Salt Co. v. Blount, supra, the Court of Civil Appeals, in passing upon the question under consideration, cites the case of Ballentine v. Webb, 84 Mich. 38, 47 N. W. 485, 13 L. R. A. 321, which was an action to restrain a defendant from maintaining a slaughterhouse for swine, on the ground that it constituted a nuisance, and our Court of Civil Appeals adopted the following language from the cited case:

"'The trial court decreed that defendant refrain from using or employing the building and sheds erected on defendant's premises for the purpose of a slaughterhouse wherein to slaughter hogs in such a way as to be offensive to, or become a nuisance to, the complainant, and that defendant desist and refrain from using or employing the said inclosure or building for the purpose of confining therein quantities of swine or other animals in such a way as to be offensive to, or to be a nuisance to, the complainants, or any of them; and that defendant desist and refrain from using said inclosure, or any part thereof, as a drying yard in which to dry hair or bristles taken from the slaughtered swine.' In passing upon this decree the Supreme Court of that state said: 'The trouble with the decree is that it fails to point out specifically what defendant is required to do in order to comply with its requirements. To adjudge that defendant should so conduct his business as not to be offensive is to give him no rule of conduct which the law had not before prescribed. The decree should have specifically pointed out the things that defendant was required to do and refrain from doing, in order to abate the nuisance which the court found to exist.'"

For the reasons pointed out, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.