**KLEISING et al. v. MILLER et al.**

No. 10094.

Court of Civil Appeals of Texas. Galveston.

April 3, 1935.

Rehearing Denied May 2, 1935.

Wm. Glover, Rosser Thomas, and A. D. Dyess, all of Houston, for appellants.

Richard J. Higgins, Co. Atty., of Angleton, R. A. Bassett, Dist. Atty., of Richmond, and Carlos B. Masterson, of Angleton, for appellees.

PLEASANTS, Chief Justice.

This is a suit by appellees, who are citizens of the village of Pearland, against the appellants, who own and operate a dance hall situated in a populous portion of the village, which contains about 400 inhabitants.

The purpose of the suit is to restrain by injunction the operation of the dance hall.

Plaintiffs' petition alleges, in substance, as set out in appellants' brief, that the named defendants, the appellants in this court, "were conducting a public dance hall in the village of Pearland and that said dance hall was open for business three nights out of each week; that large crowds of people assembled on said premises at said times; that defendants or respondents permitted the drinking of intoxicating liquor to excess by the patrons of said dance; that intoxicating liquor was served in said dance hall during the progress of said dance with the knowledge and consent of respondents; that the patrons of said dance engaged in loud and profane and vulgar language which was being heard by the residents of Pearland; that there was much whooping, hollering and firing of guns; that frequently the patrons of said dances in said hall and on said premises indulged in fisticuffs and physical encounters; that during the progress of such dances the patrons exposed their persons in the town of Pearland and caroused and fought on the streets in said town; that so much noise emanated from the dance hall that those of the complainants living within two or three blocks therefrom are disturbed in their rest and annoyed throughout the progress of said dances."

The prayer of the petition asks for a temporary restraining order against each and all of the defendants, restraining them "from maintaining, assisting in maintaining, operating and furthering the above described hall and premises in the manner hereinabove set forth; that they and each of them, will be by such restraining order restrained and enjoined from keeping, possessing and giving away intoxicating liquor in said hall and on said premises; from permitting the assemblage of persons on said premises and in said hall from using loud, profane and vulgar language; exposing their persons; indulging in indecent immoral conduct; firing guns; drinking intoxicating liquor; yelling and shouting, and making unusual and loud noises and sound by any agency whatsoever."

The petition further prays that after due notice and hearing thereon a temporary injunction be granted plaintiffs, enjoining and restraining each and all of the respondents "from operating the said hall and premises, closing the same and abating it as a nuisance until final hearing hereof"; and that upon a final hearing such tempo-

rary injunction be made permanent and said dance hall be permanently abated as a nuisance, and defendants be perpetually enjoined "from giving or holding a dance in said hall or on said premises."

A temporary restraining order was granted as prayed for on May 30, 1933, and upon the hearing for a temporary injunction on June 3, 1933, by agreement of the parties a temporary injunction was granted, restraining the defendants from operating the dance until June 20, 1933, or until further order, or a final hearing on the application for a permanent injunction.

Before the final hearing on the application for a permanent injunction, the defendants (appellants herein) answered the plaintiffs' petition by a general demurrer, special exceptions, and by general denial and special denials of the unlawful and wrongful acts charged against them by the petition. This answer was verified by the oath of Kleising.

Upon the final trial in the court below, on the conclusion of the evidence, the trial court on motion by attorney for plaintiffs instructed the jury to return a verdict in favor of plaintiffs. Upon the return of such verdict, judgment was rendered thereon abating the dance hall as a nuisance, and perpetually enjoining the defendants from giving a dance in their hall upon the premises described in the petition, and further perpetually restraining and enjoining the defendants "from keeping, possessing and giving away intoxicating liquor in said hall and on said premises; from permitting the assemblage of persons on said premises and in said hall from using loud, profane and vulgar language; exposing their persons; indulging in indecent immoral conduct; firing guns; drinking intoxicating liquor; yelling and shouting, and making unusual and loud noises and sounds by any agency whatsoever."

Under sufficient assignments and propositions, appellants complain of the instruction given by the trial court to the jury to return a verdict for the plaintiffs, on the ground that the evidence was conflicting on material issues of fact in the case, and appellants were entitled to have these issues submitted to, and determined by, the jury.

■ An examination of the statement of facts discloses that there is ample evidence to sustain a finding of fact that the dance hall owned and operated by the appellants was frequently operated, from and after December, 1932, and until the bringing of this suit on May 31, 1933, in the manner alleged in plaintiffs' petition, and sustains the legal conclusion that as so operated it was a nuisance that should be abated, and its further operation in this manner perpetually enjoined. But there is conflicting evidence upon all of the material allegations of the petition. In this state of the evidence the judgment cannot be affirmed.

■ The test to be applied in determining whether the trial court is authorized to instruct a verdict is whether there is any evidence which, when considered by itself, would, if accepted as true by the jury, raise a fact issue. Thomas v. Postal Co. (Tex. Com. App.) 65 S.W.(2d) 282; Stinnett v. Ry. Co. (Tex. Civ. App.) 38 S.W.(2d) 615. When this test is applied the verdict and judgment in this case cannot be sustained.

■ In addition to this, the judgment perpetually enjoining the use by appellants of their property as a dance hall, regardless of the manner in which the dancing is conducted, is clearly wrong. A dance hall is not a nuisance per se, and only becomes a nuisance when operated in an unlawful manner or in a manner so regardless of the personal or property rights of the complainants as to materially impair such rights. Bielecki v. Port Arthur (Tex. Com. App.) 12 S.W.(2d) 976; Block v. Fertitta (Tex. Civ. App.) 165 S. W. 504; Baptist Church of Madisonville v. Webb (Tex. Civ. App.) 178 S. W. 689; Cardwell v. Austin (Tex. Civ. App.) 168 S. W. 385; Royalty v. Strange (Tex. Civ. App.) 204 S. W. 870.

■ This being the settled rule of law and equity, the judgment in this case should not have gone further than to have enjoined the operation of the dance hall in such manner as to have been a wrongful invasion of appellees' personal or property rights, and should have specified the manner of operation so enjoined. Royalty v. Strange, supra.

If the jury had found upon the evidence in this case, as they probably would have done if they had been permitted to determine the facts from the evidence, that the dance hall was operated by appellants during the time before indicated in the manner alleged in the petition, the court should have adjudged it a nuisance and perpetually enjoined its operation in such manner.

The evidence shows that the dance hall could have been and was in fact operated for a year or more without its becoming a

nuisance. If upon a new trial of the case the jury or the court, if no jury is demanded, should find that the dance hall was operated in the manner alleged in the petition, appellees should be protected by a judgment perpetually enjoining its operation in such wrongful manner. Such judgment with the penalties incident to its violation would give appellees ample protection for any invasion of their personal or property rights by the operation of the dance hall by appellants.

For the reasons indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.