**MOLLER et al. v. BARNETT et al.**

**No. 10838.**

Court of Civil Appeals of Texas. Galveston.

May 25, 1939.

Bernard A. Golding, of Houston, for plaintiffs in error.

Wood & Morrow and M. S. McCorquodale, all of Houston, for defendant in error C. E. Barnett.

MONTEITH, Chief Justice.

This is an appeal by writ of error from a judgment of the district court of Harris County in an action brought by defendant in error, C. E. Barnett, plaintiff below, against plaintiffs in error, G. E. Moller and H. L. Roberts, comprising the co-partnership of Moller & Roberts, and Republic Underwriters, a reciprocal insurance Exchange, defendants below, for money alleged to have been advanced by Barnett to pay the costs of labor and certain necessary bills incurred by them in the construction of a paving project in the City of Houston.

The parties will be designated in this opinion as in the trial court.

Plaintiff alleged that he had entered into a written contract with defendants, Moller and Roberts, whereby they agreed to furnish labor and to construct a concrete pavement on 75th Street in Houston; that after said defendants had undertaken said construction job they were unable to pay for the labor thereon and certain bills necessary for the performance of their contract and that at the request of said defendants he met said pay-rolls and paid said items of expense. He also sued for attorney's fees. Plaintiff based his cause of action against defendant, Republic Underwriters, on a bond executed and delivered by it for the purpose of indemnifying him in the event of the failure of defendants, Moller and Roberts, to carry out the terms of said contract.

Defendants, G. E. Moller and H. L. Roberts, and defendant, Republic Underwriters,

each answered by general demurrer and general denial and each filed cross-actions. Defendants, Moller and Roberts, in their cross-action sought rentals for certain equipment alleged to have been leased to plaintiff by them and alleged damages to said equipment.

Defendant, Republic Underwriters, sought to recover damages and attorney's fees over and against defendants, Moller and Roberts, in the event it was held liable under said bond. It contested plaintiff's action on the ground that the pay-rolls and bills paid by plaintiff were not paid pursuant to said contract. Republic Underwriters however have abandoned their appeal.

The trial was to a jury. At the conclusion of the evidence, the trial court withdrew the case from the jury and rendered judgment for plaintiff as against all parties defendant.

The court found in said decree that plaintiff was entitled to recover from all defendants the sum of $1271.90 and that he was entitled to recover from defendants Moller and Roberts the sum of $250 as attorney's fees but that all defendants were entitled to an offset in the sum of $579.86 against said sum of $1271.90.

The court rendered judgment in favor of Republic Underwriters against G. E. Moller and H. L. Roberts and Moller & Roberts, a co-partnership, in the sum of $1192.04, including $250 as attorney's fees.

Defendants G. E. Moller and H. L. Roberts base their appeal on alleged fundamental error of the trial court in withdrawing the case from the jury and in rendering judgment in favor of plaintiff in the above amount.

The record shows that on August 29, 1934, plaintiff entered into a written contract with the City of Houston for the paving of 75th Street in Houston. On September 10, 1934, plaintiff entered into a written contract with Moller & Roberts, a co-partnership composed of G. E. Moller and H. L. Roberts, as sub-contractors, to furnish labor and supplies necessary for the construction of said pavement. Plaintiff retained that portion of the contract with the City which provided for the furnishing of the concrete, shell and other paving materials. Defendants, Moller and Roberts, failed to meet their pay-rolls for labor used on said contract, and, at their request, plaintiff met the pay-rolls and paid certain bills. Plaintiff's case is based on these advances.

Upon the completion of the 75th Street paving contract, plaintiff entered into a contract with defendants, Moller and Roberts, for the rental of certain equipment and road machinery belonging to them to be used on what was known as the Ferndale Road Job, which plaintiff had contracted to perform.

The sole question presented in this appeal is whether there is any evidence in the record which, when considered by itself, would, if accepted as true by the jury, raise an issue of fact under which the judgment against defendants, Moller & Roberts, in favor of plaintiff might either be reduced or rendered in their favor against plaintiff on their cross-action.

■ It is the established rule in this state that as against an instructed verdict the testimony of the party against whom such judgment is rendered should be taken as true and that the losing party should be given the benefit of all fact evidence, circumstantial or otherwise, bearing on his cause of action as well as all reasonable inferences arising from the evidence.

■ This rule is laid down in the case of Bragg v. Houston Electric Co., Tex.Civ. App., 264 S.W. 245, 251. The court, in its opinion, quoting from the Supreme Court of the State of Ohio in the case of Hickman v. State Life Ins. Co., 92 Ohio St. 87, 110 N.E. 542, lays down the following rule which is followed in this State: "Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is the duty of the jury to determine such ultimate fact, even though the trial judge should himself be convinced as to what the conclusion should be."

In the recent case of Needham v. American National Ins. Co., Tex.Civ.App., 97 S.W.2d 1016, 1020, the court in its opinion says: "While appellee offered sufficient evidence to raise jury issues on the questions raised by its pleadings, this being an appeal on peremptory instruction against appellant, we shall not review appellee's evidence, for, under the disposition of the case against the plaintiff on peremptory instruction, appellant's evidence must be tak-

en as true, and every reasonable inference arising from such evidence must be indulged in favor of appellant, notwithstanding all such evidence may have been contradicted by substantial evidence offered by appellee, and a contrary reasonable inference could have been indulged. Bragg v. Houston, Electric Co. (Tex.Civ.App.), 264 S.W. 245; First National Bank of Amarillo v. Rush (Tex.Com.App.), 210 S. W. 521; Gattis et al. v. Kirk et al., (Tex. Civ.App.), 12 S.W.2d 589; 3 Tex.Jur. Sec. 741, page 1050, and authorities therein cited; Shaffer v. Rhyne et al. (Tex.Civ. App.) 75 S.W.2d 133."

In the case of Kleising et al. v. Miller et al., Tex.Civ.App., 83 S.W.2d 732, 733, it is held: "The test to be applied in determining whether the trial court is authorized to instruct a verdict is whether there is any evidence which, when considered by itself, would, if accepted as true by the jury, raise a fact issue. Thomas v. Postal Co. (Tex.Com.App.) 65 S.W.2d 282; Stinnett v. Ry. Co. (Tex.Civ.App.) 38 S.W.2d 615."

In the instant case issues of fact were raised by the testimony of defendant, G. E. Moller, as to the lease by Moller and Roberts to plaintiff, for a period of forty-five days, of a paver at an agreed rental of $300, of 2400 feet of road forms at an agreed rental of $200 and of a batcher bin at an agreed rental of $125. Moller testified that the equipment above referred to, as well as additional equipment leased by defendants to plaintiff was retained and used by plaintiff for a period of more than 90 days. Said defendants alleged that they were entitled to an additional sum for the rental of said equipment for said additional period of time and introduced the testimony of G. E. Moller and Thomas H. Binns as to the rental value of all of said equipment leased to plaintiff for said additional period of time. G. E. Moller also testified that all of said equipment was rented to plaintiff by said defendants with the understanding and agreement that plaintiff would, at his own expense, keep said equipment in a good state of repair but that various articles of said equipment were damaged while in plaintiff's possession, including a tractor to the extent of $150, a catapillar to the extent of $1000.00 and a crane to the extent of $1500.

All of the above issues were based on pleadings to which no exceptions had been levelled, and no credits were given defendants for any of the items above enumerated in the judgment rendered by the trial court.

Applying the fundamental principle above laid down that where there is an instructed verdict only the evidence favorable to appellant's contention can be considered in determining whether the issues of fact, if any, raised by the testimony shall be submitted to the jury, we are of the opinion that the trial court erred in withdrawing the case from the jury and in rendering a verdict for the plaintiff.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.