## LAWSON v. HUTCHERSON et al.
### No. 5107.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1940.

Rehearing Denied March 11, 1940.

W. W. Kirk, of Plainview, and Dennis Zimmermann, of Tulia, for appellant.

Griffin & Morehead, of Plainview, for appellees.

JACKSON, Chief Justice.

The appellant, L. C. Lawson, instituted this suit in the District Court of Hale County, Texas, against the appellees, S. C. Hutcherson and his son, Claude Hutcherson, to recover the sum of $37,909 for personal injuries received while a minor driving a tractor for appellees on their farm.

The negligence relied upon, the injuries received and the damages sustained were fully set out in appellant's petition.

The appellees answered by general denial and alleged that appellant appeared to be twenty-one years of age, was an experienced tractor driver and hence estopped to urge his minority; they also pleaded assumed risk and contributory negligence.

No complaint is made of the pleadings and the above, together with the testimony hereafter recited, we deem sufficient for the disposition of the questions presented for consideration.

When the testimony was concluded the court peremptorily instructed the jury to return a verdict for appellees and on the verdict so returned rendered judgment that appellees go hence without day and appellant take nothing by his suit.

The appellant by proper assignments challenges the action of the court in directing a verdict and rendering judgment against him because he contends the testimony presented fact issues that should have been submitted to the jury for determination.

The record discloses that in June, 1936 the appellees were engaged in cultivating a farm consisting of several hundred acres of land, employed several hands, owned ten or more tractors and other machinery which they used in connection with their farming operations; that Claude Hutcherson had charge of and supervision over the employees, the farm, the tractors and machinery and the operation thereof; that appellees maintained on the farm a shop for the repair of tractors and machinery and Claude Hutcherson, who was a good mechanic, did the repairing himself or supervised the repairing of the tractors; that on June 19, 1936 the appellees employed appellant to drive and operate a tractor to be used in harrowing, listing and breaking land; that he was twenty years old and had operated tractors in breaking land and other farm uses in the summer time for five or six years but he was not a mechanic, had never overhauled a tractor and was not qualified to fix or repair the defects in such machines or the mechanism or parts essential to the operation thereof. Claude Hutcherson selected and furnished the tractor to be driven by appellant who operated said tractor until June 30th, eleven days, when he received the injuries for which he seeks to recover damages.

The above facts, the injuries received by appellant, the severity thereof, the time he remained in the hospital, his suffering, the expenses he incurred for hospitalization and the incapacity to work resulting from the injuries, which are permanent, are not controverted.

Appellees contend that the court was warranted in peremptorily instructing the jury to find in their behalf because the evidence was not sufficient to show actionable negligence but did disclose without contradiction that appellant was as a matter of law guilty of contributory negligence and assumed risk or in any event guilty of one of them.

■ The law appears to be settled that when a litigant requests the court to peremptorily instruct a verdict in his behalf he admits as true all the evidence supporting the contention of the adverse parties. Owen v. Al Parker Securities Co. et al., Tex.Civ.App., 296 S.W. 620, affirmed in Tex.Com.App., 1 S.W.2d 271.

■ In Coca-Cola Bottling Co v. Dickson, Tex.Civ.App., 115 S.W.2d 1223, 1224, it is held to be reversible error for the court to direct a verdict,

" ' " If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Dendy v. Cockerham et ux. (Tex.Civ.App.) 82 S.W.2d 756, 758.

" 'To the same effect are the holdings in Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.2d 942; Jackson v. Langford (Tex.Civ.App.) 60 S.W.2d 265; Gross v. Shell Pipe Line Corporation, (Tex.Civ.App.) 48 S.W.2d 377, and authorities cited.' Panhandle & S. F. Ry. Co. v. Jones, Tex.Civ.App., 105 S.W.2d 443, 444."

See also Octane Oil Refining Co. v. Blankenship-Antilley Implement Co., Tex. Civ.App., 117 S.W.2d 885; Jefferson Standard Life Ins. Co. v. Curfman, Tex. Civ.App., 127 S.W.2d 567.

■ Discarding all the adverse evidence the testimony is that appellant discovered the day he began driving the tractor assigned to him that the steering gear when he attempted to turn the machine to the left or to the right would lock or become fastened and to remedy this locked or fastened condition it required the exercise of more than usual or ordinary force; that some times the tractor had to be stopped and thrown out of gear in order to turn a corner; that appellant had informed appellee Claude Hutcherson the same day that there was something wrong with the steering gear and that he was having trouble and at least twice there-

after he told the appellee that there was something wrong with the spindle pins or bushings or with the steering gear that caused it to lock and hang and this interfered with the operation of the machine; that the appellee advised him that he knew the tractor was in that condition but in a very short time he would have another tractor ready for appellant to use and to continue the use of the one he was driving and he would fix it when there came a shower of rain or at some convenient time when he wasn't too busy and on such assurance appellant continued the operation of the tractor until he was injured; that in order to enable appellant to exercise greater force for the purpose of releasing the steering wheel from its locked condition it was necessary for him to leave the seat, stand on the floor of the machine, brace himself against the fender, and thus secure a greater leverage and a better position to exercise more force; that appellant and several other employees were operating tractors each following the other, listing the ground in a field on the day he was injured and in making the circuit with the tractors it was necessary to make five left turns and one right turn; that there were furrows placed across the land to prevent erosion and as these ran diagonally across the listing furrows they had to be crossed; that at the time he was injured he had turned the tractor to the left and the steering gear locked and in an effort to turn the machine back to the right he left the seat, placed his feet on the floor of the machine, leaned against the fender so he could exercise more power to unlock the steering wheel and guide the tractor to the right for the purpose of following the preceding tractor and listing furrow; that while he was attempting to do this the tractor dropped into one of the erosion ditches, lurched and he fell or was thrown from his position on the machine and permanently injured or disabled. The tractor continued to the left and made two or three complete circles before the engine was killed by the extra load resulting from the greater depth the plows went into the ground when left without an operator; that appellant did not know that it was dangerous to leave the seat, stand on the floor and lean against the fender in order to turn the tractor; that the other boys some times rode on the fender when they were driving a machine; that appellee

Claude Hutcherson had seen the appellant on the fender but gave him no warning of the danger of riding in that position.

An expert placed on the stand by appellees said that he had examined the tractor after the appellant was injured and that the king pin or spindle bolt and the knobs in the steering mechanism were worn off about 50% and when so worn were loose and if small particles of the steering apparatus were broken and not removed it would have a tendency to hang or lock the steering wheel and interfere with the operation of the tractor causing the steering apparatus to hang or lock, but by exercising sufficient strength on the steering wheel it could be loosened and the tractor guided or turned until this locked condition again arose.

If we give credit to all the testimony favorable to appellant and indulge every legitimate conclusion which the jurors might have drawn from these facts, they might have found for appellant and the court erroneously directed a verdict against him.

In Currie v. Missouri, K. & T. Ry. Co. of Texas, 101 Tex. 478, 108 S.W. 1167, 1169, plaintiff Currie alleged in substance the turntable in use by the railroad was defective and out of repair and because thereof it would catch, hang and stop suddenly when being turned; that while exercising great force in assisting to turn the table it suddenly stopped causing the injuries which were the basis of his claim for damages. The testimony tended to show the occurrence as pleaded that Currie had assisted in turning the table on previous occasions without difficulty; the table was old, defective and out of repair, but if the engines were properly balanced on the table it would turn without hinderance; that the sudden stopping had occurred before and the railway company had been warned of this condition. The trial court peremptorily instructed the jury to return a verdict in behalf of the railway company. The Supreme Court, in holding in effect that there was an issue of actionable negligence and that the directed verdict constituted reversible error, says: "The duty of the master is at all times to exercise ordinary care to furnish for the use of the servant safe and suitable machinery and appliances with which the servant is to do his work. Whether or not this duty

has been performed must be determined by considering that which has been furnished in connection with the uses to which the servant at the time in question is expected to put it. A piece of machinery wholly suitable and adequate to the purposes for which it is used at one time may be inadequate for other uses at different times; and, when the latter condition exists, the machinery may well be said to be improperly constructed, defective, or dangerous."

We feel unwarranted in concluding that an employee of ordinary prudence would not have continued to operate the tractor under the circumstances in the record and, in our opinion, the appellant was not guilty of contributory negligence as a matter of law. Beck v. Texas Co., 105 Tex. 303, 148 S.W. 295.

▆▆ Under the testimony appellees' contention that the court correctly instructed a verdict in their behalf because appellant had assumed the risk of being injured by the operation of the tractor is not tenable.

In Orange Lumber Co. v. Ellis, 105 Tex. 363, 150 S.W. 582, 586, the Supreme Court says: "The general rule that the servant assumes the risks incident to his employment where he enters, or continues in the service of the master, after knowledge of the defective machinery employed in the performance of his work and knowledge of the ordinary danger incident to the use of such machinery, does not consequently imply that he assumes the risk of every possible injury that may result from the use of such defective machinery. Under such circumstances, he does not assume the unusual and extraordinary risks of which the master knows or of which he should know or foresee, unless such risks are obvious, or such servant has actual or presumptive knowledge of such danger. The knowledge which bars the servant of recovery where he enters or continues in the service with defective machinery is the complete appreciation of the risk, and not a mere apprehension of possible danger. The servant assumes the risk of every probable danger, but not of every possible danger."

In 18 R.C.L. 694, para. 179, the author says: "Although an employee may have had knowledge as of a physical fact of the defective condition of a tool, appliance or place by reason of which he has sustained an injury, it by no means follows that

he must have appreciated the danger to which he was thereby exposed. His general knowledge may not have been such as to give him any conception of the peril. * * * Accordingly it has been held that the knowledge of a brakeman of the unsafe condition of the railroad track upon which he was killed, will not defeat a recovery for his death if it was not so dangerous as to threaten immediate injury or if he might have reasonably supposed that he could safely work on it by the use of care and caution."

For a more extended discussion of assumed risk see Chicago, R. I. & G. Ry. Co. v. Frederick, Tex.Civ.App., 74 S.W.2d 275.

The judgment is reversed and the cause remanded.