## NEWSOM v. BOOTH.

### No. 10958.

Court of Civil Appeals of Texas. Galveston.
May 2, 1940.

Lewis & Ingram, of Houston, for appellant.

Bryan, Suhr, Bering & Bell and George Eddy, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought in the County Court at Law of Harris County by appellee, E. H. Booth, doing business as Booth Tire Company, against appellant, C. D. Newsom, doing business as Newsom Truck Line, to recover the sum of $250.84 alleged to be due appellee on an open account for tires purchased.

Appellants answered by general demurrer and general denial. By special answer he pled an express warranty that the tires purchased would render the services for which they were purchased. He alleged that said tires had failed to render such service and were of no value. By further special answer he pled that he had made payments on said account amounting to the sum of $114.54 for which he had been given no credit by appellee.

The trial was before a jury. At the conclusion of the evidence by both parties, on motion by appellee, the court instructed the jury to return a verdict in favor of appellee. Judgment was then rendered in his favor for the sum of $250.84, the amount sued for.

The record shows that tires were purchased by appellant from appellee. Appellant testified that prior to the purchase of the tires in question, he explained to appellee's agent the services for which they were being purchased, that is for heavy hauling in the oil fields, and that said tires were expressly warranted by appellee to render such service but that they were unfit for that type of work and that appellee had failed and refused to replace them when they blew out and were shown to have been worthless. Appellant further testified that he had made three payments on his account aggregating the sum of $114.54. The record does not show that said account was credited with these payments.

Under this record the only question to be determined in this appeal is whether there is any evidence in the record which, when considered by itself, would, if accepted as true by the jury, raise an issue of fact under which the judgment against appellant in favor of appellee might either be reduced or rendered in favor of appellant.

It is now settled law in this state that as against an instructed verdict the testimony of the party against whom such judgment is rendered should be taken as true, and that the losing party should be given the benefit of all fact evidence, circumstantial or otherwise, bearing on his cause of action as well as all reasonable inferences arising from the evidence; Lawson v. Hutcherson et al., Tex.Civ. App., 138 S.W.2d 131; Moller et al. v. Barnett et al., Tex.Civ.App., 129 S.W.2d 456; Coca-Cola Bottling Co. v. Dickson, Tex.Civ.App., 115 S.W.2d 1223; Dendy v. Cockerham et ux, Tex.Civ.App., 82 S. W.2d 756.

It is further held that where there is no dispute or conflict in the testimony of defendant's witnesses but nevertheless the unconflicting testimony discloses a variety of circumstances from which the jury may reasonably arrive at different conclusions as to the ultimate facts shown by such evidence, then it is the duty of the jury to determine such ultimate facts even though the trial judge should himself be convinced as to what the conclusion should be; Bragg v. Houston Electric Co., Tex.Civ.App., 264 S.W. 245; Needham v. American National Ins. Co., Tex.Civ.App., 97 S.W.2d 1016.

In the instant case issues of fact were raised by appellant, C. D. Newsom, not only as to the facts of the warranty by appellee that the tires purchased by appellant were suitable for work in the oil fields and as to whether they had failed to render such services, but an issue of fact is raised as to whether certain payments were made by appellant to appellee for which appellant should have been given credit.

All of the above issues were based upon sufficient pleadings. No credits were given appellant for any payments in the judgment rendered by the trial court.

Under the principle above laid down, that where there is an instructed verdict only the evidence favorable to appellant's contention can be considered in determining whether the issues of fact, if any, raised by the testimony shall be submitted to the jury, we think that the trial court erred in withdrawing the case from the jury and in rendering a verdict for the appellee.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.