### JOHN J. DONOVAN v. N. R. ROYAL ET AL.

#### Decided May 30, 1901.

**1.—Nuisance—Municipal Corporation—Sewers—Injunction.**

Where a city having authority under its charter to provide a system of sewers granted a franchise thereof and provided a terminal in a branch flowing through plaintiff's land, and the sewage polluted the water, rendering it unfit for domestic purposes and for drinking water for cattle, and contaminated the grass so that cattle would not eat it, plaintiffs were entitled to an injunction restraining the maintenance of such terminal, as constituting a nuisance.

**2.—Same—Estoppel—Acquiescence.**

Plaintiffs were not estopped to complain of the nuisance created by the sewer because they connected with the sewer, where a city ordinance required all persons to connect their premises with the system, and made the failure to do so an offense with penalty; nor was mere acquiescence in the construction of the sewer sufficient to create an estoppel.

**3.—Same—Charge.**

The court properly refused requested charges which ignored the pollution of the water on plaintiff's premises, and confined the injuries to noxious gases and disagreeable odors caused by the sewer.

Appeal from Anderson. Tried below before Hon. A. L. Lipscomb.

*Campbell & McMeans,* for appellant.

*B. H. Gardner, B. S. Gardner,* and *Gregg & Brooks,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellees against the appellant and the city of Palestine to enjoin them from maintaining a sewer by which the sewage of the city of Palestine was emptied into a branch or creek which flowed through the land of appellees and polluted the water. The case was tried by a jury, and upon their verdict judgment was rendered in favor of the appellees that the appellant be enjoined from maintaining the terminal of the sewer on the creek above appellees' land, and granting him six months in which to comply with the decree.

In the year 1894 the city of Palestine by an ordinance granted a franchise to John J. Donovan, his associates, successors, and assigns, to construct, operate, and maintain sanitary sewers in the city of Palestine for the term of fifty years, with the privilege of using the streets, alleys, and public places for the purpose of laying pipes, conduits of brick, sewers, manholes, catch basins, etc., as may be necessary. It was pro-

vided that the terminal of the system should be in Gum Springs, or the creek below the same; such terminal to be provided and maintained by the said city of Palestine during the pendency of the franchise, Donovan being required to pay the amount necessary to procure the land for the terminal. Four acres of land was bought by Donovan for the terminal and conveyed to the city of Palestine for the full period of the franchise, and for the purpose only of enabling the city to provide and maintain said sewer terminal. Palestine is incorporated as a city under the general law of the State. Donovan constructed a sewerage system in accordance with his franchise, and made the terminal in the creek below Gum Springs upon the four acres bought for the purpose. The ordinance required all persons to connect their premises with the system, and made the failure to do so an offense for which it imposed a penalty. Appellees own a tract of 205 acres of land lying east of and just outside of the limits of the city of Palestine, and the branch into which the sewer empties enters their land a short distance east of the terminal and runs through the southern portion of the tract. The contents of the sewer are discharged into the branch, and the water flowing across the land of appellees is polluted and rendered unfit for domestic purposes and for drinking water for cattle and other live stock. Refuse matter is distributed over the low land adjoining the creek, and the grass is so contaminated that cattle will not eat it. There were slaughter pens and dumping ground in the vicinity which gave out offensive odors, but the undisputed facts show that the discharge of the sewage into the branch polluted the water that ran through the land of appellees.

The city of Palestine has authority under its charter to provide a system of sewerage for the city, but this authority must be exercised in a proper manner. It has no authority to maintain a nuisance, and in the construction and maintenance of its sewers it must exercise care not to pollute the waters of a stream so as to render them unfit for use. City of San Antonio v. Pizzini (Texas Civ. App.), 58 S. W. Rep., 635; Id. (Texas Sup.), 61 S. W. Rep., 1102; Wood on Nuis., secs. 486, 487. Injunction will lie to prevent the pollution of water. Chapman v. City of Rochester, 6 Am. St. Rep., 366, 110 N. Y., 213; Morgan v. City of Danbury, 35 Atl. Rep.. 499; Sterling Iron Co. v. Sparks Mfg. Co., 41 Atl. Rep., 1117; Woodyear v. Schayer, 40 Am. Rep., 419; Wood on Nuisances, sec. 441. We are of the opinion that no other verdict could have been rendered on the facts, and that any error in the charge of the court would be immaterial, but we find no error in the charge.

Appellees were not estopped to complain of the nuisance by reason of their connection with the sewer system, since it was rendered necessary by the construction thereof, and the failure to connect was made an offense by the ordinance. The evidence does not disclose any conduct on the part of appellees that would estop them. Acquiescence in the construction of the sewer was not sufficient. Chapman v. City of Rochester, supra. Hence there was no error in refusing the seventh, eighth, and ninth special instructions requested by the appellant. There

was no error in refusing the tenth, eleventh, and twelfth special instructions requested by the appellant, because they ignore the pollution of the water and the rendering it unfit for domestic use and confine the inquiry to noxious gases and disagreeable odors sufficient to interfere with the comfortable enjoyment of the land by appellees. It is evident also that these instructions were drawn in view of the prayer for damages which was withdrawn after the case had been submitted to the jury, and that they are inapplicable to the question of an abatement of the nuisance caused by the pollution of the stream. The thirteenth assignment of error questions the sufficiency of the facts to support the verdict. As above stated, we are of the opinion that appellees' cause of action is supported by undisputed facts. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.

Gill, Associate Justice, did not sit in this case.