**CITY OF PITTSBURG et al. v. SMITH. (No. 2370.)**

(Court of Civil Appeals of Texas. Texarkana. May 12, 1921. Rehearing Denied May 26, 1921.)

Municipal corporations  736—Municipality may be enjoined from operating a sewerage disposal tank too small for its purpose, such operation not being a governmental function.

A municipal corporation may be enjoined from maintaining and operating a sewage disposal plant or tank which is too small to care for the sewage flowing into it, thereby polluting a stream, where the structure can be so enlarged or added to as to stop the continuance of the nuisance; for in operating a sewer a city exercises a corporate power, as distinguished from a governmental function.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by Mrs. Maggie Smith against the City of Pittsburg and others. From judgment for plaintiff, defendants appeal. Modified and affirmed.

A sewer system was built and completed by private parties and then purchased and taken over, in August, 1915, and ever since operated by the city of Pittsburg, a municipal corporation under the general laws of the state. The septic tank is located outside of the city limits and within 300 or 400 yards from the home of the appellee. The outflow of the septic tank finally empties into a branch about 3 yards distant from the waste pipes, which runs within 75 yards of appellee's home and on through her farm and pasture. And the appellee brought the suit for damages occasioned by, and to have abated by injunction as a nuisance, the negligent operation and maintenance of the septic tank. It is alleged that "said septic tank is too small to accommodate the number of water-closets connected thereto." The injury to plaintiff, as alleged, consists: (1) In polluting the stream used by her for domestic and stock purposes; (2) in decreased value of the home and farm; and (3) in personal discomfort and injury to health from offensive odors and insects. The defendants answered by general denial, and specially pleaded the statute of two years limitation as to damages, and further that on April 15, 1915, before the construction of the septic tank, the plaintiff in writing, for a valuable consideration, consented to the erection of the tank and released the city from all claims for damages arising from the operation thereof, and is now estopped from enjoining the operation of the tank. The plaintiff by supplemental petition made reply in avoidance of the defendants' answer.

The case was tried before the court, and judgment was entered denying plaintiff a recovery of damages, but awarding injunction permanently restraining the city of Pittsburg as follows:

"That the operation of the septic tank as well as the pollution of the waters by the emptying of its contents into said stream should be abated and enjoined. It is therefore ordered and adjudged by the court that the city of Pittsburg, its mayor, aldermen, and their successors in office and their agents and employees, be and are hereby perpetually enjoined and restrained from emptying or permitting the emptying the contents of the said septic tank located and described in plaintiff's petition into the stream that runs across plaintiff's land, or from emptying or permitting the emptying thereof so that the said refuse shall make its way into said stream so as to cross plaintiff's land, as hereinafter described, or from otherwise polluting or permitting the pollution of the waters of said stream by said septic tank. It is further ordered, adjudged, and considered by the court that the septic tank likewise is a nuisance in that it gives off foul odors and offensive odors permeating plaintiff's home and rendering it unbearable and prevents her proper enjoyment thereof, and the defendants aforesaid are further enjoined and restrained from the maintenance thereof or to permit the maintenance thereof as now located and open as now operated and maintained, that is, on the land where it is now located or on any other land that will cause the emptying thereof into the stream so as to run across plaintiff's land in such manner as to pollute the waters on plaintiff's land."

The judgment further gave the city until April 1, 1921, in which to remedy the maintenance in a way not to be a nuisance.

According to the special findings of fact made by the trial judge:

(1) The city of Pittsburg has about 2,500 inhabitants, and the business and residence properties, to the number of about 100 patrons, and the school, jail, and courthouse buildings are connected with the sewer; and (2) the city of Pittsburg has tried to eliminate the objectionable features of the sewer system, but has not been able to do so; and (3) "the liquid that leaves the said sewer and empties into said branch is very dark, nearly black, and has a very offensive odor, and can be smelled a long distance from the tank, at any time the direction the wind is blowing, and in the early morning and late afternoon and evening the same emits foul and offensive odors that permeate the atmosphere for the distance of 200 and 300 yards from the said tank and the branch, near the point of discharge, and the branch can be smelled to the plaintiff's house in the morning and afternoon and evening, when the wind is blowing, and if the wind is blowing from the north, northeast it can be smelled at all times of the day, to the plaintiff's house"; and (4) "the odors thrown off from the discharge from the said system by being discharged at the place it is discharged very much impairs the comforts of the plaintiff's home, the usefulness of her premises and pasture, that the water going through her pasture is not fit for stock water, and that but for the discharge of the

said waste into the said branch above the home of the plaintiff the water would be good for stock purposes, and plaintiff's home would not be thus affected to her discomfort"; and (5) "that the plaintiff signed an agreement that the water from the said septic tank might be discharged into the said branch, and she waived damages by reason thereof in consideration of the sum of $1 and the further consideration that the same would be maintained and operated in a reasonably sanitary condition. The $1 was not paid to her at the time, but a city warrant for that sum was mailed, and she has not cashed it, but kept it and produced it on the trial of the case."

The court made the following conclusion of law:

"I conclude that the said sewer system as maintained and operated is an abatable nuisance, and that plaintiff suffers considerable discomforts and inconveniences therefrom. The plaintiff having specially waived claim for damages and only seeking to abate said nuisance, she is entitled to the relief sought."

Bass & Engledown, of Pittsburg, for appellants.

M. M. Smith, of Pittsburg, and J. M. Burford, of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). The evidence conclusively shows that there is a continual and considerable overflow from the sewage disposal plant, and of that character that pollutes the waters of the branch and creates offensive odors and a stench that causes especial discomfort and inconvenience to the plaintiff in her home near by; and this condition is due, as alleged in the plaintiff's petition, to the fact that "said septic tank is too small to accommodate the number of water-closets connected therewith." After hearing the evidence the court concluded from the evidence that the plaintiff "is entitled to the relief sought," which is to have stopped or abated the further continuance of the alleged nuisance; and this relief, as awarded, was based upon the conclusions of fact, as recited by the court:

(1) That "the said sewer system as maintained and operated is an abatable nuisance"; and (2) "that plaintiff suffers considerable discomforts and inconveniences therefrom."

The appellant, though, assigns the error that—

"The court erred in his first conclusion of law, in concluding that the sewer owned and operated by the defendant is an abatable nuisance."

According to the evidence there were fewer patrons of the sewer at the time of its original installation than at the time of the suit. The sewage disposal plant has been "overhauled" by rebuilding the "gravel bed" and renewing all the pipes and adding "a struc-ture walled up with brick and cemented solid and about six feet in diameter." This "overhauling" did not sufficiently, as appears, lessen the condition complained of by the plaintiff. And the evidence is sufficient to support the court's finding of fact that "the city of Pittsburg has tried [by the overhauling] to eliminate the objectionable feature of the said system, but has not been able to do so." The overhauling work, then, was not a sufficient enlargement of the sewage disposal plant to accommodate the users, and failed in that purpose, as meant by the court's finding. And there is no evidence that the sewage disposal plant cannot be added to or enlarged to the extent necessary "to accommodate the number of water-closets connected therewith" at the time of the suit or trial. In the circumstances, then, the court was warranted in finding that the sewage disposal plant "as operated and maintained" could be added to or enlarged to the capacity necessary to "abate" or stop the nuisances complained of by the plaintiff.

The question next is: Can a municipal corporation be enjoined, as here, from maintaining and operating a sewage disposal plant or tank too small to accommodate the number of water-closets connected with it, as pleaded by the plaintiff? We think the question must be answered in the affirmative.

"Frequent ground of application for the preventive aid of equity by injunction is found in cases," quoting from 1 High on Injunctions (4th Ed.) § 810, "of the pollution of water by the flow of sewage from towns or cities into streams whose waters are thereby injured or rendered unfit for use."

See Donovan v. Royal, 26 Tex. Civ. App. 248, 63 S. W. 1054; Cardwell v. Austin, 168 S. W. 385; 29 Cyc. 1180.

In operating a sewer the city exercised a corporate power, as distinguished from a governmental function. Ostrom v. City of San Antonio, 94 Tex. 523, 62 S. W. 909; City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411. Therefore the fact that the public uses the sewer is not legally sufficient to exempt the city from restraint against committing a nuisance in the manner and mode of operation of the sewer. The cases relied on by appellant do not have application to a structure that can be so enlarged or added to as to "abate" or stop the continuance of the nuisances alleged and proved here.

The judgment as entered should, we think, be modified as to the restraining order granted, and the terms thereof reformed, so as to enjoin the maintenance and operation of the sewage disposal plant or tank in the unsanitary condition, and from pollution of the waters of the branch, shown by the facts found by the trial court. As so modified and reformed, the judgment will be affirmed.

Modified and affirmed.