STEVENSON et al. v. CITY OF ABILENE et al.

No. 1212.

Court of Civil Appeals of Texas. Eastland.
Jan. 5, 1934.

Rehearing Denied Feb. 2, 1934.

**646**

J.. McAllister Stevenson, John Sayles, and Jack Sayles, all of Abilene, for appellants.

H. L. DeBusk and Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, for appellees.

HICKMAN, Chief Justice.

Appellant Ellouise C. Stevenson, joined pro forma by her husband, J. McAllister Stevenson, filed this suit in the court below against the city of Abilene, a municipal corporation, and West Texas Utilities Company, a private corporation, to recover against the city $80,000 damages for breach of an alleged covenant to deliver waste water from a septic tank, constituting a part of the sewer system owned by the city, on the lands of appellant. The West Texas Utilities Company was made a party defendant "in order that the ownership of the entire servient estate may be before the court in order that the court may make its decree granting relief prayed for." When the case was called for trial, the court sustained the general demurrer urged by the city, and, appellant declining further to amend, judgment was entered dismissing the suit, from which judgment this appeal was prosecuted.

Attached as an exhibit to the petition was a certain written instrument executed by Fred Cockrell constituting the primary basis of the alleged cause of action, which is here set out in full, as follows:

"The State of Texas, County of Taylor

"Know all men by these presents: That Fred Cockrell of said county and State being the owner of Lot 2, Block 196, and Lots 2 and 3, Block 220, and Lots 1, 2, and 4, in Block 221, and Block 222, as shown on map of the city of Abilene, Texas, and being part of survey in Taylor County, Texas, for a valuable consideration paid by Abilene Sewer Company, a corporation, hereby grants and conveys to said Abilene Sewer Company and its assigns a perpetual easement over said Lot 2 Block 196, and Lots 2 and 3 in Block 220, and Lot 4, Block 221, for the purpose of constructing and maintaining ditches, pipes and flumes to convey the waste water from a septic tank to be maintained and constructed by Sewer Company at some point west of Cedar Creek in said city of Abilene, Texas, and grants to said Sewer Company and its assigns a perpetual right to convey the waste from said septic tank over said lot No. 4 Block 221, and to there deliver said water and empty same on said lot No. 4, and the grantor hereby binds himself and his heirs and assigns to take charge of the said water on said Lots 4, and the grantee is given a perpetual easement over Lot 1, Block 221 and over Block 222, for the purpose of conveying if necessary any waste or water not cared for on said lot 4 to Cedar Creek and the grantor and his heirs and assigns agree if necessary to construct a ditch on said lots over 1 and 4 Block 221, and Block 222, to north boundary line of Block 222, and maintain the same for the purpose of conveying any waste that is not cared for on lot 4 to said Cedar Creek and in the event the grantor his heirs and assigns shall fail to maintain a ditch for this purpose then the grantee or its assigns shall have such right.

"This easement to be perpetual and is a covenant running with the land and grantee agrees to deliver all water from said septic tank on said lot No. 4, above described.

"Witness my hand this 7th day of January, 1905.

"Fred Cockrell."

The covenant relied upon by appellants was that expressed in the concluding words of the instrument as follows: " * * * Grantee agrees to deliver all water from said septic tank on said lot No. 4, above described." The petition alleged that the city of Abilene is a municipal corporation operating under a charter granted to it by special act of the Legislature of the state of Texas, chap-

ter 45 of the Special Laws of the 32d Legislature of Texas; that prior to the execution of the above instrument, the city granted a franchise to R. D. Richey and associates, and their assigns, for the purpose of constructing, maintaining, and operating a sewerage system in said city, in which grant it was provided that the city should have the right at any time after the expiration of 15 years to purchase the same upon certain terms therein specified; that such franchise was thereafter duly assigned and transferred to the Abilene Sewer Company, a private corporation, grantee in the above instrument, which constructed the sewerage system and put same in operation. It was further alleged that it was contemplated at the time of the execution and delivery of the instrument above copied that the waste water from the septic tank would be used by the said Fred Cockrell, his heirs, and assigns, for the irrigation of the lands then owned and thereafter acquired by him, his heirs, and assigns, and that one of the purposes and objects of the contract and agreement was the delivery of said water so that it could be, and would be, put to a beneficial use. On the 28th day of July, 1917, appellant Ellouise C. Stevenson acquired the said land and premises from Fred Cockrell and his wife, Emily B. Cockrell, as her sole and separate estate. The Abilene Sewer Company constructed and maintained said septic tank, ditches, pipes, and flumes, and delivered and emptied all of said waste water in accordance with its contract and covenant until it sold said system to the city of Abilene, in the year 1920. In the deed of conveyance from the Abilene Sewer Company to the city of Abilene was this language: " * * * Also, all of the rights of said Abilene Sewer Company, together with the obligations thereof, to be performed by it, granted the said Abilene Sewer Company by Fred Cockrell by instrument dated January 7, 1905."

The petition enumerated certain acts of the Legislature enacted in 1913, 1915, 1923, and 1925, relating to the pollution of streams, and alleged the unconstitutionality of each of them, following which allegations were these:

"XXIII. That during the year 1922 the city of Abilene established copious municipal water supply, the result of which was to increase the amount of total effluent from said septic tank; that thereupon the city of Stamford, a municipal corporation, of Jones County, Texas, made representations to the defendant city that it had recently established a source of domestic and municipal water supply, known as Lake Penick, in Jones County, Texas, on the waters of the Clear Fork of the Brazos River, into which fork and lake the said Cedar Creek was tributary, and that the effluent returning to said Cedar Creek after being spread over the lands of plaintiff was polluting and contaminating the said water supply; that the said Lake Penick is some 25 miles distant from the premises of plaintiff by air line, and twice or three times that distance following the meanders of said water courses, and said effluent could not in any way have contaminated said lake, but would have filtered and purified by its travel thereto; but that said defendant city and its officers, at the instance and request of said city of Stamford thereupon seized and took possession of plaintiff's premises, and proceeded to construct dykes and ditches and laterals, in order to prevent the return of said effluent to said creek.

"XXIV. That thereafter on or about the 15th day of January 1923, plaintiff and defendant city made and entered into the Supplemental Contract shown herein as Exhibit 'E' hereto attached and made a part hereof; that pursuant to said contract plaintiff Ellouise C. Stevenson made her designation in writing appointing Lloyd B. Thomas of Taylor County, Texas, her agent upon whom notice could be given, and filed such designation with the city secretary of said city, and that said agent, Lloyd B. Thomas, has continuously resided and been in Taylor County, Texas, and has been and is now such agent; that plaintiff has performed her obligations under said contract and in order to carry out the burdens imposed by said contract plaintiff Ellouise C. Stevenson spent more than One Thousand Dollars in constructing dykes, ditches and storage tanks in order that such effluent water might be spread over the land without running back into the creek, and for each year thereafter, 1923 to 1928, inclusive, plaintiff spent large sums of money employing a water master to take charge of such effluent.

"XXV. That thereupon the number of inhabitants of said defendant city rapidly increased, and said septic tank, as operated, became inadequate to perform its function of digesting the content of the sewage, and such solids were permitted to cake at the top of the tank, and the total sewage liquid and solid content thereby forced to flow through said effluent line and onto plaintiff's land, thereby putting an added burden on plaintiff to care for same, and prevent same from becoming offensive and unwholesome; that defendant city did not choose to remedy same by employing the simple expedient and longitudinal partitions dividing said tank into compartments, in each of which digestive process could be completed, or the more expensive plan of building a twin tank beside the original tank so that each would take its turn in digesting.

"That defendant city has since constructed and operated other means of disposing of its sewage and is therefore able to divert to said septic tank an amount of sewage not in excess of its capacity without any materi-

al expense and to deliver to plaintiff the effluent therefrom, and such tank is now adequate to dispose of such sewage as shown in paragraph XV."

The exhibit referred to in paragraph XXIV, above, as Exhibit E, is as follows:

"The State of Texas, County of Taylor

"Whereas Ellouise C. Stevenson of said county and State is now the owner of Lot 2, Block 196, lots 2 and 3 Block 220, and lots 1, 2, and 4, Block 221, and Block 222, as shown by the map of the city of Abilene, Texas, and heretofore owned by Fred Cockrell, and described in a grant made by said Fred Cockrell to the Abilene Sewer Company, dated January 7th, 1905, and recorded in Volume 29, pages 41 and 42 of the Taylor County Deed Records, and

"Whereas the city of Abilene, Texas, a municipal corporation of said county and State, is now the owner of the franchise and rights granted in said instrument to the Abilene Sewer Company, and

"Whereas certain regulations have been made by the State Board of Health of the State of Texas, whereby it has become unlawful for the above named parties to permit the waste water from the septic tank referred to in said instrument, to flow back into Cedar Creek, as was contemplated by the parties to said instrument.

"Now, Therefore, it is agreed by and between Mrs. Ellouise C. Stevenson, joined by her husband, J. McAllister Stevenson, and the city of Abilene, Texas, that Mrs. Stevenson is to take care of said water and keep same from flowing into Cedar Creek, and that in case she should fail to do so, the City of Abilene, Texas, shall notify her by giving her written notice and she shall have forty-eight hours from the receipt of said notice within which to stop the water from flowing into the Creek, and should she fail to do so, then the city has the right to go upon said premises and to scatter the water in such a way as to prevent it from going into the Creek. Should Mrs. Stevenson be absent from Taylor County, she shall designate an agent to whom such notice shall be given; said designation shall be in writing and filed with the city secretary, and should she fail to designate such agent, then the city shall have the right to act without notice as above stated. Her right to handle and operate the property and to handle and distribute the water shall be absolute without any interference whatever on the part of the city, so long as she prevents the water from running into the Creek.

"This agreement is not intended to disturb the rights under the original contract between the Sewer Company and Fred Cockrell.

"In witness whereof, the parties hereto have signed this the 15th day of January, A. D. 1923.

"Ellouise C. Stevenson
"J. McAllister Stevenson
"The City of Abilene, Texas
"Dallas Scarborough, Mayor."

■ Under our view of the controlling questions, it is unnecessary to discuss the question of whether the covenant to be performed by the Abilene Sewer Company, contained in the instrument first above copied, was one running with the land. For the purposes of this decision we shall assume that it was, and shall dispose of the case as though the original grantor, Fred Cockrell, were the plaintiff. What did the Abilene Sewer Company covenant to do? Only this: " * * * To deliver all water from said septic tank on said lot 4, above described." Construing the instrument in which this language is contained as a whole, it is apparent that the purpose of the contract was not to secure irrigation water, but to convey an easement to the sewer company. It contained no obligation whatever to construct the septic tank, and it would doubtless not be contended that had the company not done so, Fred Cockrell would have had a cause of action against it for damages for breach of the covenant relied upon. The sewer company, as assignee of R. D. Richey and associates, had a franchise for a term of 25 years, in which was contained an option by the city of Abilene to purchase the sewerage system to be constructed thereunder. In order properly to operate the system, it was necessary that provision be made to take care of the waste water from the septic tank. To that end it purchased such easement from Fred Cockrell, same being made perpetual so that it could be passed to the purchaser of the sewerage system. Having constructed the system as contemplated, the sewer company was obligated by its covenant to deliver the waste water from the septic tank mentioned in its contract upon lot No. 4 of the Fred Cockrell land. But the right to run the waste water upon this land is not a covenant to operate the sewerage system and use the septic tank perpetually. The instrument nowhere contains a covenant on the part of the sewer company to use the septic tank for any definite period of time. In short, the petition fails to allege the breach of any covenant made by the sewer company with Fred Cockrell.

Considering the question of the liability of the city of Abilene, the assignee of the Abilene Sewer Company, we are unable to discover any covenant made by it in addition to that made by the sewer company and above quoted. The deed from the sewer company to the city conveyed all the rights granted

to it by Fred Cockrell by the instrument first above copied, "together with the obligations thereof to be performed by it." That language created no new covenant, but merely recognized the continued existence of the one theretofore made. Neither do we discover any additional covenant in the contract, above copied, between appellant Ellouise C. Stevenson and the city of Abilene, alleged to have been made after the city of Stamford protested against the running of the waste water from the septic tank into Cedar creek. By that contract appellant assumed the obligation of preventing the water from finding its way into Cedar creek, but neither express nor implied covenant can be found therein on the part of the city perpetually to maintain and use the septic tank originally constructed by Abilene Sewer Company.

■ But, independent of all the foregoing, and assuming that the instruments evidence a contract between appellants and the city, whereby the latter agreed perpetually to furnish irrigation water to the former from its then existing septic tank, and further agreed perpetually to use said septic tank so as to make available water to be used by appellants for irrigation purposes, the petition would still be subject to a general demurrer. The city of Abilene was authorized by its charter to own and operate a sewerage system, and having acquired such a system and undertaken to operate same, it is not within the province or power of a court to prescribe that it shall not abandon the use of its septic tank and construct one which it deems, for any reason, to be more desirable. In operating the sewerage system, the city is exercising a governmental power. In doing so it must be left free to use its discretion in determining how best to serve its inhabitants. A contract which would have the effect of disabling it from fully exercising that power, and which would have the effect of preventing it from controlling its affairs in the future in the way it might deem best, would be void. A city has not the power to enter into a contract binding it perpetually to maintain an existing septic tank for the purpose of furnishing waste water to an individual for irrigation purposes. It must be left free to make such changes in its system as it, in its discretion, deems to be for the public good. City of Brenham v. Water Co., 67 Tex. 542, 4 S. W. 143; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; City of Uvalde v. Uvalde Electric & Ice Co.

(Tex. Com. App.) 250 S. W. 140; Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S. W. 930; City of Sweetwater v. Hamner (Tex. Civ. App.) 259 S. W. 191; City of Ft. Worth v. First Baptist Church (Tex. Civ. App.) 268 S. W. 1016.

■■ No duty rests upon the city to conduct water from the septic tank now used by it to the abandoned one so as to make it available to appellants for irrigation purposes. This is true for the same reasons as those above assigned—it has not covenanted, and could not legally covenant to do so. In two of the above cited authorities, City of Paris v. Sturgeon, and City of Sweetwater v. Hamner, the power of a city to contract to furnish water outside its limits was denied. Appellant's petition brings her case within the scope of those decisions, for the allegations thereof disclose that the land upon which the waste water was to be delivered was and still is outside the city limits of Abilene.

It is our view that the trial court did not err in sustaining the general demurrer. Its judgment will, therefore, be affirmed.

### On Rehearing.

In the motion for rehearing it is assigned that we erred in the original opinion in the following statement: "In operating the sewerage system, the city is exercising a governmental power." Supporting this assignment the motion cites City of Pittsburg v. Smith (Tex. Civ. App.) 230 S. W. 1113, and Ostrom v. City of San Antonio, 94 Tex. 523, 62 S. W. 909. We have not made sufficient investigation to determine certainly whether the statement was erroneous, but the language was unnecessary, because the same conclusion would have been reached had we regarded this power as municipal or proprietary, rather than governmental. We, therefore, withdraw the statement from the opinion.

■ The motion assigns many errors based upon our omission to find certain facts. We are unable to make any fact findings, because there is no statement of facts in the record. The appeal was from an order sustaining a general demurrer and dismissing the case upon appellants' declining to amend. In this state of the record we must assume that every fact allegation of the petition is true and could make no finding contrary thereto. The motion has been considered, but we adhere to the views heretofore expressed and accordingly overrule same.